**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SEM GONZALEZ,

Plaintiff,

v.

HIGHLAND RESIDENTIAL CENTER, DR. DAMIA HARRIS MADDEN, individually and in their official capacity as Commissioner of New York State Office of Children and Family Services, JASON THOMPSON, individually and in their official capacity, JANE DOE, individually and in their official capacity,

Defendants.

Civil Action No.:

**COMPLAINT**

Plaintiff, SEM GONZALEZ, (hereafter "Plaintiff"), by and through the undersigned counsel hereby, files this complaint for compensatory and punitive damages against Defendants HIGHLAND RESIDENTIAL CENTER, DR. DAMIA HARRIS MADDEN, individually and in their official capacity as Commissioner of New York State Office of Children and Family Services, JASON THOMPSON, individually and in their official capacity and JANE DOE, individually and in their official capacity (collectively "Defendants") alleging the following:

## NATURE OF CAUSE

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution. The action arises from the unlawful conduct of personnel from the Highland Residential Center (hereinafter "HRC"), a juvenile justice facility operated by New York State Office of Children and

Family Services (hereinafter "OCFS"). Plaintiff was a minor and resident of HRC when he was repeatedly sexually abused, assaulted, and battered by HRC personnel.

2. The defendants' egregious conduct violated Plaintiff's rights under the Fourteenth Amendment to bodily integrity and personal security and constitutes cruel and unusual punishment under the Eighth Amendment, actionable pursuant to 42 U.S.C. § 1983.

3. Plaintiff also brings related state law claims under the Court's supplemental jurisdiction, including negligence, gross negligence, and negligent hiring/retention/supervision.

4. This erroneous conduct by HRC Personnel resulted in Plaintiff suffering physical, emotional, and psychological harm.

5. Plaintiff brings this action to hold the Defendants accountable and to ensure that no other child is subjected to such egregious mistreatment by HRC.

**PARTIES, JURISDICTION, AND VENUE**

6. Plaintiff Sem Gonzalez is a resident of the State of New York, Rockland County, and, at all relevant times, was a minor adjudicated as a juvenile delinquent under Section 301.1 of the New York Family Court Act.

7. Upon information and belief, Defendant HRC is a juvenile facility operated by the State of New York through OCFS and is located at 629 North Chodikee Lake Road, Highland, NY.

8. Upon information and belief, Defendant, Dr. Damia Harris-Madden, is Commissioner of the New York State Office of Children and Family Services ("OCFS") which is a state agency that oversees juvenile detention centers and employs staff therein. OCFS engages in foreseeable, intentional, continuous, and systematic contacts within New York and specifically operates its personnel within the county where the events giving rise to this action

occurred. Dr. Damia Harris-Madden oversees OCFS and is responsible for the policies, supervision, and conduct of the personnel whose actions form the basis of this claim. Dr. Damia Harris-Madden is sued in both her individual and in official capacity

9. Upon information and belief, Defendant Jason Thompson (hereinafter "Thompson") was, at all times relevant, employed by HRC and OCFS as a staff member; and acted in his capacity as a representative or employee thereof when he engaged in the sexual abuse and physical harm of Plaintiff. Jason Thompson is sued in both his individual and official capacity.

10. Upon information and belief, Defendant Jane Doe (hereinafter "Jane Doe") was at all times relevant, employed by HRC and OCFS as a staff member; and acted in her capacity as a representative or employee thereof when she engaged in the sexual abuse and physical harm of Plaintiff. Her identity is unknown, and she is sued in both her individual and official capacity.

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this is a civil action arising under the Constitution and laws of the United States, including but not limited to 42 U.S.C. § 1983, which provides a remedy for the deprivation of rights secured by the Constitution by persons acting under color of state law.

12. Jurisdiction is also conferred by 28 U.S.C. § 1343(a)(3) and (a)(4), which provides this court with original jurisdiction over actions to redress the deprivation, under color of state law, of any right, privilege, or immunity secured by the Constitution or laws of the United States, and to recover damages or obtain equitable relief under any Act of Congress providing for the protection of civil rights.

13. Venue is proper in the Southern District of New York because the events giving rise to this action occurred within this District, the Defendants are subject to this Court's personal jurisdiction, and the Plaintiff resides in this District.

**ALLEGATIONS**

14. Plaintiff is a juvenile delinquent as defined under Section 301.1 of the New York Family Court Act. Plaintiff was committed to HRC in or about August 2021 and remained there until his release in March 2022.

15. At all times relevant, Plaintiff was a minor in the custody and care of Defendants HRC and OCFS.

16. Commencing on or about October 5, 2021, and continuing for months thereafter, Defendants Thompson and Jane Doe, acting individually and collectively, subjected Plaintiff to repeated acts of sexual abuse, including fondling of Plaintiff's genitals, exposure to pornographic material, inappropriate physical contact, and sexual assaults.

17. These actions were enabled by the significant authority that Defendants, as custodial staff of a state-run facility, exercised over the Plaintiff. As a minor in their care, Plaintiff was in a uniquely vulnerable and powerless position, which Defendants Thompson and Jane Doe exploited to abuse him.

18. Defendants HRC and OCFS failed to properly supervise Thompson and Jane Doe, ignored clear and ongoing signs of abuse, and took no meaningful action to investigate or intervene. Despite their legal and institutional obligations to protect the Plaintiff, they were deliberately indifferent to the serious and foreseeable risk of harm posed by these employees.

19. Plaintiff also seeks to hold accountable additional unidentified individuals, including unknown agency staff, who participated in, facilitated, or failed to prevent the violations of his constitutional rights. The identities of these individuals are presently unknown but are expected to be revealed through the discovery process, at which time Plaintiff reserves the right to amend this Complaint accordingly.

20. As a direct result of the abuse, Plaintiff suffered lasting physical and psychological harm, including but not limited to emotional distress, trauma, and ongoing mental health challenges attributable to Defendants' actions and inactions.

## COUNT I

**Violation of Civil Rights – Substantive Due Process / Bodily Integrity**
**(42 U.S.C. § 1983)**
**(Against All Defendants)**

21. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

22. The Fourteenth Amendment to the United States Constitution prohibits government officials from engaging in conduct that shocks the conscience, including the deprivation of a minor's liberty interest in bodily integrity through abuse or deliberate indifference to known risks of harm.

23. Defendants, acting under color of state law, knowingly subjected Plaintiff, a juvenile delinquent as defined under Section 301.1 of the New York Family Court Act, to repeated acts of abuse and harm, thereby depriving him of his constitutionally protected right to bodily integrity under the Fourteenth Amendment.

24. Plaintiff was particularly vulnerable due to his minor status and confinement in a state-operated facility, where Defendants Thompson and Jane Doe abused

their authority as custodial staff, and where supervisory agencies HRC and OCFS failed to act despite clear signs of ongoing abuse.

25. These acts and omissions subjected Plaintiff to unnecessary physical restraint, repeated sexual and/or physical abuse, and extreme psychological trauma, all of which violated his substantive due process rights under the Fourteenth Amendment.

26. As a direct and proximate result of Defendants' conduct, Plaintiff suffered physical injury, emotional distress, and long-lasting psychological harm.

## COUNT II

**Violation of Civil Rights – Failure to Train and Supervise**
**(42 U.S.C. § 1983)**
**(Against Defendant DaMia Harris Madden)**

27. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

28. Defendant DaMia Harris-Madden, as head of OCFS, maintained policies and practices showing deliberate indifference to minors' constitutional rights in youth residential and detention facilities under the agency's control.

29. OCFS failed to adequately train, supervise, and discipline its employees and agents, including Defendant Thompson and Jane Doe, despite having actual or constructive knowledge of prior incidents, complaints, or patterns of abusive conduct.

30. The Fourteenth Amendment to the United States Constitution prohibits state actors from depriving individuals of liberty without due process of law. OCFS's failure to properly train and supervise their staff resulted in the deprivation of Plaintiff's liberty interest in bodily integrity and safety while in state custody.

31. OCFS's failure to implement appropriate training or supervisory mechanisms permitted a culture of misconduct, abuse, and neglect, and constituted

deliberate indifference to the substantial risk of harm faced by vulnerable minors, including the Plaintiff.

32. This failure to act constitutes deliberate indifference to the rights of minors in state custody, including Plaintiff, and created an environment in which abuse could and did occur.

33. As a direct and proximate result of OCFS's unconstitutional policies, customs, and deliberate indifference, Plaintiff suffered physical injuries, psychological trauma, emotional distress, and other damages.

## COUNT III

**Violation of Civil Rights – Failure to Train and Supervise**
**(42 U.S.C. § 1983 – Monell Liability)**
**(Against Defendant HRC)**

34. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

35. Defendant HRC, acting under color of state law and pursuant to authority delegated by OCFS, was responsible for operating the facility in which Plaintiff was confined and owed a duty to ensure the safety and constitutional rights of residents.

36. HRC failed to adequately train, supervise, monitor, or discipline its staff, including Thompson and Jane Doe, and allowed known or obvious risks of abuse to persist unchecked.

37. This failure was not the result of mere negligence but rose to the level of deliberate indifference, as HRC either knew or should have known that such misconduct was occurring or likely to occur.

38. HRC's actions and omissions reflect a policy, custom, or practice that was the moving force behind the constitutional violations inflicted on Plaintiff, in violation of his Fourteenth Amendment rights.

39. As a direct and proximate result of HRC's failures, Plaintiff suffered substantial harm, including physical abuse, psychological injury, emotional distress, and other compensable damages.

**COUNT IV**

**Violation of Civil Rights – Cruel and Unusual Punishment**
**(42 U.S.C. § 1983 – Eighth Amendment)**
**(Against All Defendants)**

40. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

41. As a minor committed to a state-run juvenile facility, Plaintiff was entitled to be free from cruel and unusual punishment under the Eighth Amendment, as incorporated against the states through the Fourteenth Amendment.

42. The sexual abuse, physical mistreatment, and psychological torment inflicted upon Plaintiff by Defendants, and the failure of institutional Defendants to prevent such conduct despite clear warning signs, constituted cruel and unusual punishment in violation of the Eighth Amendment.

43. As a direct and proximate result of this violation, Plaintiff suffered physical harm, emotional trauma, and other damages.

**COUNT V**

**Negligence and Gross Negligence**
**(Against Defendant HRC under 28 U.S.C. § 1367)**

44. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

45. Defendant HRC owed Plaintiff a duty of reasonable care to protect him from foreseeable harm, including abuse and mistreatment by staff employed at the facility it operated.

46. HRC breached this duty by failing to maintain a safe environment for minors in its care and by disregarding known risks and red flags concerning abusive staff behavior.

47. HRC's actions and omissions constituted not only negligence but gross negligence, as it acted with reckless disregard for the health, safety, and constitutional rights of Plaintiff.

48. As a direct and proximate result of Defendant HRC's negligence and gross negligence, Plaintiff suffered physical injury, emotional distress, and lasting psychological harm.

**COUNT VI**

**Assault and Battery**
**(Against Defendant Thompson under New York State Law)**

49. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

50. At all relevant times, Defendant Thompson was an employee assigned to the facility where Plaintiff, a minor, was confined in state custody.

51. While acting under color of authority and within the scope of his employment, Defendant Thompson intentionally subjected Plaintiff to harmful and offensive physical contact, including sexual abuse and/or physical aggression.

52. Thompson's actions caused Plaintiff to reasonably fear imminent harmful contact, constituting assault under New York law.

53. Thompson's unwanted and unlawful physical contact with Plaintiff constituted battery under New York law.

54. Plaintiff could not legally or meaningfully consent due to his age, custodial status, and the coercive nature of Thompson's authority.

55. As a direct and proximate result of Thompson's conduct, Plaintiff suffered physical injury, emotional distress, and lasting psychological harm.

**COUNT VII**

**Assault and Battery**
**(Against Defendant Jane Doe under New York State Law)**

56. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

57. At all relevant times, Defendant Jane Doe was an employee working at the facility where Plaintiff, a minor, was housed under state custody.

58. While acting under the authority of her position, Defendant Jane Doe intentionally engaged in harmful and offensive physical contact with Plaintiff, including acts of sexual abuse and/or physical force.

59. Jane Doe's conduct caused Plaintiff to experience fear of imminent harmful or offensive contact, constituting assault under New York law.

60. The actual physical contact made by Jane Doe was unconsented and abusive, constituting battery under New York law.

61. Due to his age and custodial placement, Plaintiff lacked the capacity to give meaningful consent, and Jane Doe exploited this vulnerability.

62. As a direct and proximate result of Jane Doe's actions, Plaintiff sustained physical injuries, severe emotional distress, and psychological trauma.

**<u>COUNT VIII</u>**

**Intentional Infliction of Emotional Distress**
**(Against Defendant Thompson under New York State Law)**

63. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

64. Defendant Thompson, while serving in a position of authority over Plaintiff, engaged in extreme and outrageous conduct, including acts of sexual abuse, physical aggression, and psychological manipulation directed at Plaintiff.

65. Thompson's conduct was intentional and carried out with malice or, at minimum, with reckless disregard for the emotional well-being and safety of Plaintiff.

66. Given Plaintiff's age and custodial status, Thompson's abuse constituted conduct so outrageous and intolerable that it exceeds all bounds of decency in a civilized society.

67. As a direct and proximate result of Thompson's actions, Plaintiff suffered severe emotional distress, psychological trauma, mental anguish, and long-term damage to his emotional and psychological well-being.

68. Thompson's conduct was willful, wanton, and malicious, and justifies the imposition of punitive damages under New York law.

**<u>COUNT IX</u>**

**Intentional Infliction of Emotional Distress**
**(Against Defendant Jane Doe under New York State Law)**

69. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

70. Defendant Jane Doe, while acting as a staff member entrusted with Plaintiff's care, engaged in extreme and outrageous conduct, including acts of sexual and/or physical abuse and emotional manipulation of a vulnerable minor in state custody.

71. Jane Doe's actions were deliberate and malicious, or at a minimum, committed with reckless indifference to Plaintiff's emotional and psychological safety.

72. Jane Doe's conduct was of such severity and outrageousness as to be utterly intolerable in a civilized society, particularly given the custodial and protective role she held.

73. As a direct and proximate result of Jane Doe's conduct, Plaintiff has experienced and continues to experience severe emotional distress, trauma, and other psychological injuries.

74. Jane Doe's conduct warrants the award of punitive damages due to the intentional and egregious nature of her actions.

**COUNT X**

**Negligence and Gross Negligence**

**(Against Defendant DaMia Harris Madden under 28 U.S.C. § 1367)**

75. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

76. Defendant DaMia Harris-Madden, in her capacity as head of OCFS, the state agency responsible for overseeing juvenile facilities and contracted agencies such as HRC, owed Plaintiff a duty of care to protect him from foreseeable harm, including abuse perpetrated by facility staff.

77. OCFS breached this duty by failing to act upon known complaints and warning signs, by permitting HRC to continue operating in a manner that exposed minors to danger, and by failing to enforce appropriate oversight and accountability.

78. OCFS's conduct constituted both negligence and gross negligence, reflecting deliberate inaction in the face of known, preventable harm.

79. As a direct and proximate result of Defendant OCFS's negligence and gross negligence, Plaintiff sustained severe physical and psychological injuries.

**COUNT XI**

**Negligent Supervision**

**(Against Defendant HRC under 28 U.S.C. § 1367)**

80. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

81. Defendant HRC was responsible for hiring, supervising, and retaining staff, including Defendants Thompson and Jane Doe, who worked directly with vulnerable youth in custody.

82. HRC knew or should have known that these employees posed a danger based on observable conduct or prior complaints but failed to take remedial action.

83. HRC failed to properly train, monitor, or discipline its staff, thereby enabling the abuse to occur unchecked.

84. As a result of HRC's negligent supervision, Plaintiff was repeatedly subjected to abuse, resulting in physical, emotional, and psychological harm.

**COUNT XII**

**Negligent Supervision**

**(Against Defendant OCFS under 28 U.S.C. § 1367)**

85. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

86. Defendant OCFS had the statutory and regulatory authority to monitor, oversee, and intervene in the operations of facilities such as HRC, and in the performance of individual staff members working with youth in custody.

87. OCFS failed to supervise, audit, or enforce compliance at HRC, and failed to intervene despite being aware—or deliberately ignoring—complaints and warning signs concerning the conduct of staff.

88. This failure to supervise and intervene constituted negligent supervision under New York law.

89. As a direct and proximate result, Plaintiff suffered abuse and sustained substantial harm, including trauma, physical injuries, and emotional distress.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff Sem Gonzalez hereby demands judgement in his favor and against defendants as follows:

A. Compensatory Damages in an amount to be determined at trial, for physical injuries, emotional distress, psychological trauma, pain and suffering, and loss of enjoyment of life;

B. Punitive Damages against the individual Defendants to the extent permitted by law, for their willful, wanton, malicious, and reckless conduct;

C. Declaratory Relief stating that the conduct of the Defendants violated Plaintiff's rights under the Eighth and Fourteenth Amendments of the United States Constitution and New York State law;

D. Injunctive Relief, if appropriate, requiring Defendants and their successors to adopt and implement appropriate policies, training, supervision, and oversight to prevent similar violations in the future;

E. Attorneys' Fees and Costs pursuant to 42 U.S.C. § 1988 and any other applicable provision of law;

F. Pre- and Post-Judgment Interest as allowed by law; and

G. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, Sem Gonzalez, demands a trial by jury on all issues so triable of right.

Dated: October 25, 2025

Respectfully submitted,

By: /s/ Samuel Manrique________

Samuel E. Manrique, Esq.
Manrique Law
130 North Main Street, Suite 101
New City, NY 10956
(917) 426-5927
ManriqueLawGroup@gmail.com
*Attorney for Plaintiff*